UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STOER CONSTRUCTION INC., <br><br> Plaintiff, <br><br> v. <br><br> BENSON SECURITY SYSTEMS, INC., et al., <br><br> Defendants. | Case No. 21-cv-08692-JD <br><br> **ORDER RE TRANSFER** <br><br> Re: Dkt. No. 2 |

Defendants' motion to transfer venue, Dkt. No. 2, is suitable for decision without oral argument. Civil L.R. 7-1(b). The hearing set for March 10, 2022, is vacated. The parties' familiarity with the record is assumed, and the motion is granted.[1]

The transfer request may be analyzed under 28 U.S.C. § 1412, and the parties do not dispute that an analysis under 28 U.S.C. § 1404(a) would not be substantively different. Dkt. No. 2 at 7-9; Dkt. No. 11. Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

Section 1412 transfers have been found to be appropriate for proceedings that are related to a bankruptcy case. *See, e.g.*, *SenoRx, Inc. v. Coudert Brothers, LLP*, No. C-07-1075-SC, 2007 WL 2470125, at *1 (N.D. Cal. Aug. 27, 2007); *Jackson v. Fenway Partners, LLC*, No. C 13-00005 JSW, 2013 WL 1411223, at *3 (N.D. Cal. Apr. 8, 2013). A proceeding is "related to" a bankruptcy case, and the bankruptcy court has jurisdiction, if "the outcome of the proceeding

---

[1] Defendants' motion for administrative relief to file a supplement to the motion to transfer, Dkt. No. 39, is denied. The "new information" defendants propose to add is not necessary for the Court's transfer analysis.

could conceivably have any effect on the estate being administered in bankruptcy." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quotations and citation omitted). Significantly, the proceeding "need not necessarily be against the debtor." *Id*.

That is the situation here. Plaintiff Stoer Construction, Inc., has sued defendants Benson Security Systems, Inc., Shawn Benson, Eric Benson, and Cory Benson. Dkt. No. 1-1. At the heart of Stoer's complaint is a dispute with Benson Systems of Northern California, LLC, which is an entity that is not named as a defendant but which is alleged to be a "wholly owned subsidiary of the Benson Defendants." Dkt. No. 1-1 ¶ 8. Stoer alleges a passel of claims including breach of contract, intentional and negligent misrepresentation, and negligence, relating to six subcontracts it entered into with Benson Systems of Northern California, and for which Stoer asserts it paid Benson Systems of Northern California an amount in excess of $6.2 million. Dkt. No. 1-1 ¶¶ 39, 44.

The complaint acknowledges that Benson Systems of Northern California has "a pending bankruptcy action in the United States Bankruptcy Court for the District of Arizona, case number 2:21-bk-04680-MCW, filed June 16, 2021." *Id*. ¶ 2. Plaintiff's opposition brief adds that "[t]he point of this suit is that it is apparent that the meager bankruptcy estate of the insolvent debtor is insufficient to make plaintiff whole and that plaintiff believes others are also liable." Dkt. No. 11 at 4 (emphasis and typo omitted). Plaintiff asks, "Though remedies in the bankruptcy court are being pursued through local bankruptcy counsel in Arizona, why spend all of one's time and money to drill an empty well when there are other claims to prospect?" *Id*. While this was undoubtedly intended to be rhetorical, it is plain as day that this case is, at a minimum, "related to" the bankruptcy case in Arizona, as the outcome of this case "could conceivably have an[] effect on the estate being administered in bankruptcy." *In re Pegasus*, 394 F.3d at 1193.

A transfer to the District of Arizona is warranted under 28 U.S.C. § 1412 if a transfer would serve "the interest of justice or [] the convenience of the parties." No particular test has been developed for this inquiry, and one is not needed. Traditional guidelines include "the economics of estate administration, the presumption in favor of the 'home court,' judicial efficiency, the ability to receive a fair trial, the state's interest in having local controversies

decided within its borders by those familiar with its laws, the enforceability of the judgment, and plaintiff's original choice of forum." *SenoRx*, 2007 WL 2470125, at *1 (citation omitted). "[W]hether the requested transfer would promote the economic and efficient administration of the estate" has been considered particularly important, *id.* (quoting *In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979)), and the "home court" for purposes of this analysis is "the bankruptcy court in which the debtor's case is pending." *Id*.

      Overall, these factors support a transfer. Plaintiff's claim arising from its dispute with the debtor is in excess of $6.2 million, which is not an insignificant sum. If plaintiff cannot recover that sum from the nondebtor entities it has named in its complaint, then plaintiff will seek recovery from the debtor, and the priority of plaintiff's claim and the amount, if any, plaintiff can recover are among the issues that will most efficiently be worked out by the District of Arizona Bankruptcy Court as part of the bankruptcy proceeding. The District of Arizona is indisputably the home court for this related proceeding, and judicial efficiency will be promoted by administering all claims against Benson Systems of Northern California in the same forum. Although some of the other factors, such as plaintiff's original choice of forum, do weigh against transfer, they do not cumulatively outweigh the interests of justice in favor of the transfer. Nor do considerations of convenience for the parties or witnesses support a denial of transfer. This is especially so given that "[i]n our digital world, document collection, review, and production, and other discovery tasks, are readily accomplished without much regard for the geographic location of the records or the witnesses." *McCarthy v. Intercontinental Exchange, Inc.*, No. 20-cv-05832-JD, 2021 WL 2806222, at *2 (N.D. Cal. June 3, 2021).

      Defendants' motion is granted, and the case is ordered transferred to the United States District Court for the District of Arizona, for referral to the Bankruptcy Court.

      **IT IS SO ORDERED.**

Dated: March 9, 2022

_____
JAMES DONATO
United States District Judge

3